**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2097**

BRENDA MASSAQUOI,

            Plaintiff - Appellant,

      v.

AMERICAN CREDIT ACCEPTANCE,

            Defendant - Appellee,

      and

ANGELA PREUTER; SHARON PONDER,

            Defendants.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:16-cv-02220-BHH)

Submitted:  February 28, 2019                                    Decided:  March 26, 2019

Before WILKINSON, KING, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brenda Massaquoi, Appellant Pro Se.  Jeffrey Andrew Lehrer, FORD & HARRISON LLP, Spartanburg, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Massaquoi appeals the district court's order accepting the recommendation of the magistrate judge and granting American Credit Acceptance's motion for summary judgment in her employment discrimination action. We have reviewed the record and find no reversible error in the district court's rejection of Massaquoi's discriminatory discharge claim.[*] Accordingly, we affirm for the reasons stated by the district court. *Massaquoi v. Am. Credit Acceptance*, No. 7:16-cv-02220-BHH (D.S.C. Aug. 31, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because Massaquoi does not challenge in her informal brief the district court's decision not to consider the harassment and hostile work environment allegations she raised in response to the motion for summary judgment, she has forfeited appellate review of these issues. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). With regard to her retaliation claim, Massaquoi has waived appellate review by failing to object to the portion of the magistrate judge's report concluding that she failed to articulate a causal connection between engaging in protected activity and her termination. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Finally, to the extent Massaquoi raises new claims for the first time on appeal, we decline to address them. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016).